Grant Rogers (Bar No. 8-6552)
**Davis & Cannon, LLP**
40 South Main Street
P.O. Box 728
Sheridan, Wyoming  82801
Phone: (307) 672-7491
Fax: (307) 672-8955
Email: grant@davisandcannon.com

**FILED**

2:08 pm, 6/8/22

**Margaret Botkins**
**Clerk of Court**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| AXON ENTERPRISE, INC., f/k/a TASER INTERNATIONAL, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>PHAZZER, LLC, a Wyoming limited liability company,<br><br>Defendant. | NO.   22-MC-107-SWS |

### MOTION TO COMPEL PHAZZER, LLC'S PRODUCTION OF DOCUMENTS

Plaintiff Axon Enterprise, Inc. ("Axon"), formerly known as TASER International, Inc., through counsel and pursuant to Fed. R. Civ. P. 45(d)(2)(B)(i), moves this Court for an order compelling Defendant Phazzer, LLC's ("Phazzer") immediate production of subpoenaed documents. On December 6, 2021, the United States District Court for the Middle District of Florida in Case No. 6:16-cv-0366-PGB-LHP[1] issued a subpoena for pertinent documents to third-party Phazzer (**Ex. 1,** Subpoena Duces Tecum). Although Phazzer, a Wyoming LLC, was properly served with Axon's subpoena via its Wyoming registered agent on December 7, 2021 (*Id.* at 3,

---

[1] Docket (Dkt.) references herein are to the Florida case.

Proof of Service), Phazzer has wholly failed to produce documents or otherwise respond as required in this District. Phazzer filed no objections, no motion to quash or modify the subpoena, no motion for protective order, and no motion to extend the time for compliance—which expired long ago. Accordingly, Phazzer has waived all objections and this Court should *sua sponte* grant this Motion to Compel. Alternatively, the Court should grant Axon's concurrently filed Motion to Transfer the adjudication of this Motion to the Middle District of Florida to permit Magistrate Leslie Hoffman Price, who is well familiar with this protracted litigation and interconnected parties, to rule on the Motion.

## I.     DISPUTE BACKGROUND.

In March 2016, Axon sued Phazzer Electronics, Inc. ("Phazzer Electronics") in the Middle District of Florida for patent and trademark infringement, false advertising and unfair competition regarding its conducted electrical weapon (CEW) technology and associated dart cartridges. In July 2017, upon finding that "Phazzer [Electronics] has engaged in a pattern of bad faith conduct designed and intended to delay, stall and increase the cost of litigation" and "repeatedly disregarded" its Orders, the Florida court sanctioned Phazzer Electronics by entering a default judgment and permanent injunction in favor of Axon, later awarding more than $7.8 million in damages (Dkt. 183, 267, 273). These Orders/Judgments were fully affirmed by the Federal Circuit on appeal. *TASER Int'l v. Phazzer Electronics*, 754 Fed.Appx. 955, 965 (Fed. Cir. 2018); 773 Fed.Appx 1092 (Fed. Cir. 2019). The judgment remains wholly unsatisfied.

Axon's collection efforts have been thwarted by Phazzer Electronics' principal, Steven Abboud ("Abboud"), who shut down the company and transferred its assets, inventory and accounts to other Phazzer-related businesses within his control. He also continually violated the

court's injunction, resulting in both civil and criminal contempt judgments against him, for which he is currently incarcerated.[2]

In August 2020, Axon filed a proceedings supplemental complaint impleading Abboud personally in the Florida action on alter ego grounds, Phazzer Global, LLC ("Global") on continuation entity and fraudulent transfer grounds, and Phazzer IP, LLC for fraudulent transfers (Dkt. 400).  Promptly on the heels of Axon's October 2019 motion to implead these parties, Abboud orchestrated a series of three Chapter 7 bankruptcy filings in Delaware, Florida and Nebraska to stay and delay these proceedings, all of which were dismissed as being filed in bad faith (Dkt. 376, 378, 388, 390, 393, 397, 458, 461). During this time, Abboud formed Defendant Phazzer, LLC in Wyoming (**Ex. 2**, Articles of Organization), through which he now operates the prior business of Phazzer Electronics in the United States. There are no employees or physical operations in Wyoming—only a mail forwarding service to Abboud's residence in Florida (**Ex. 3 at 7**, Lease).

Axon's efforts to obtain third-party discovery from Phazzer to determine whether it should be impleaded as an additional continuation entity and/or fraudulent transfer recipient have been similarly thwarted. Under the Florida court's current scheduling order, the deadline for making this determination and adding parties/amending pleadings is July 29, 2022 (Dkt. 512). Although Abboud owns or controls a majority interest in Phazzer and serves as its "Chief Managing Executive" with sole discretion and authority over all business operations (**Ex. 4**, Operating

---

[2] *See* Dkt. 271, May 4, 2018 civil contempt order, affirmed by the Federal Circuit (No. 18-2059) on July 23, 2019 (Dkt. 350); Dkt. 396, initiation of criminal contempt proceedings, *USA v. Phazzer Electronics, Inc.*, Case No. 6:20-cr-00057-PGB (M.D. Fla. Mar. 16, 2020). Abboud was found guilty of criminal contempt on December 27, 2021, sentenced on March 23, 2022, and remanded to the Bureau of Prisons on April 22, 2022 (CR Dkt. 107, 132; *see also* CR Dkt. 149 detailing Abboud's extensive criminal history).

Agreement), he has refused all discovery requests regarding Phazzer claiming, inexplicably, a lack of possession, custody or control, and told Axon to subpoena Phazzer directly (Dkt. 504-3). But when Axon did so on December 6, 2021 (**Ex. 1**), Abboud's same counsel in the Florida case filed a motion to quash or modify on behalf of Phazzer in the Middle District of Florida (Dkt. 490).

On February 16, 2022, the Florida court denied Phazzer's motion to quash, without prejudice, finding that it lacked jurisdiction to resolve the motion, which must be brought under Fed. R. Civ. P. 45(d)(3)(A) in the "district where compliance is required" (**Ex. 5**, Dkt. 499 Order)—the District of Wyoming.  And although the court stated that "Phazzer, LLC may refile the motion in the proper District Court," Phazzer has utterly failed to do so without excuse. Accordingly, Phazzer has waived all objections to the subpoena and this Motion to Compel is due to be granted without delay.

## II.        APPLICABLE LAW ESTABLISHING WAIVER.

Rule 45 is generally recognized as "the proper and only method to conduct discovery of a nonparty." *Frank v. Buchanan*, 2021 WL 7278901, *2 (D. Wyo. June 8, 2021) (internal citation omitted). If the subpoenaed party fails to comply, Rule 45 provides that "on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection." Fed. R. Civ. P. 45(d)(2)(B)(i); *see also* Fed. R. Civ. P. 37(a)(2) ("A motion for an order to a nonparty must be made in the court where the discovery is or will be taken.").

Rule 45 also expressly authorizes this Court to "hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena." Fed. R. Civ. P. 45(g). Federal courts have regularly held non-parties in contempt for failing to comply with a valid and lawful subpoena. *E.g., SE Prop. Holdings, LLC v. Unified Recovery Grp., LLC*, 2020 WL 3579210, *4

(S.D. Ala. May 29, 2020) (managing member of LLC with actual knowledge of subpoena held in civil contempt for non-compliance).

Rule 45 contains two provisions regarding the timeline for objecting to a subpoena. First, Rule 45(d)(2)(B) states "[a] person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection. . . before the earlier of the time specified for compliance or 14 days after the subpoena is served." Rule 45(d)(3) then states a court may quash a subpoena "on timely motion." Although Rule 45 is otherwise silent as to what constitutes a "timely" motion," courts have generally found that a party must object to a subpoena before its return date. *Carpenter v. Deming Surgical Assocs.*, 2015 WL 13662880, *2 (D.N.M. Apr. 20, 2015).

Here, it is undisputed that the subpoena to Phazzer was properly issued and served (**Ex. 1**). It is also undisputed that prior to the December 23, 2021 return date, no production was made at the place of compliance—Davis & Cannon, LLP, 40 South Main Street, Sheridan, WY 82801— and Phazzer failed to file a timely objection or motion in this district. Under these circumstances, Tenth Circuit law is clear: A party failing to lodge timely objections to a subpoena duces tecum waives the right to object. *Peat, Marwick, Mitchell & Co. v. West*, 748 F.2d 540, 542 (10th Cir. 1984). *See also Nelson v. State Farm Fire & Casualty Co.*, 2020 WL 7248186, *2 (D.N.M. Dec. 9, 2020) ("The failure to serve written objections to a subpoena within the time specified by [Rule 45] constitutes a waiver of such objections, as does failing to file a timely motion to quash."); *Bailey Indus., Inc. v. CLJP, Inc.*, 270 F.R.D. 662, 668 (N.D. Fla. 2010) ("*any* ground not stated in a timely objection is waived.") (alterations omitted) (emphasis original); *Universal City Dev. Ltd. v. Ride & Show Eng'g, Inc.*, 230 F.R.D. 688, 697 (M.D. Fla. 2005) ("Failure to serve written

objection to a subpoena within the time specified by [Rule] 45 typically waives any objections the party may have.").

It is no excuse that Phazzer filed a motion to quash in the wrong district. The Florida court denied that motion, advised of the proper procedure, and Phazzer did nothing to correct its error. It has sat back and forced Axon to hire Wyoming counsel and proactively file this Motion to Compel. The Motion should be granted.

## LOCAL RULE 7.1(b)(1) CERTIFICATION

On April 5 and June 1, 2022, in-house counsel for Axon conferred with counsel for Phazzer LLC concerning its failure to comply with the subpoena (**Ex. 6**, Declaration). Despite Axon's good faith efforts to resolve the dispute, the parties were unable to reach a resolution.

RESPECTFULLY SUBMITTED this 8th day of June, 2022.

Grant Rogers (Bar No. 8-6552)
**Davis & Cannon, LLP**
40 South Main Street
P.O. Box 728
Sheridan, Wyoming  82801
Phone: (307) 672-7491
Fax: (307) 672-8955
Email: grant@davisandcannon.com

*Attorneys for Plaintiff Axon Enterprise, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on June 8, 2022 the foregoing was filed electronically with the Clerk of the Court. A copy of this Motion was also mailed and emailed this same date to:

Phazzer, LLC
c/o Joelle Bordeaux, Esq,
Law Office of Joelle Bordeaux, PLLC
5901 Sun Boulevard, Suite 207
St. Petersburg, FL 33715
joelle@jbordeauxlaw.com

Grant Rogers